MARGARET M. KALER *vs.* HAROLD V. KALER.

Norfolk.    November 16, 1939. — February 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Probate Court*, Findings by judge.

A conclusion that a will was procured by undue influence was proper on decisive findings warranted by reported evidence, and must stand, although other, cumulative, findings stated by the judge in a report under G. L. (Ter. Ed.) c. 215, § 11, were not so warranted.

PETITION, filed in the Probate Court for the county of Norfolk on May 4, 1938.

The case was heard by *McCoole*, J.

*T. Allen*, (*M. L. Fahey* with him,) for the petitioner.

*R. J. Walsh*, for the respondent.

DOLAN, J. This is an appeal by the petitioner, who is named as executrix of an instrument purporting to be the last will of her deceased husband, John T. Kaler, from a decree entered in the Probate Court disallowing said instrument. The respondent is the son (by a prior marriage) and the only other heir at law of the deceased. The instrument was executed on November 6, 1936, and the deceased died on April 25, 1938. Under its terms the entire estate of the deceased of an inventory value of about $45,000 is given and bequeathed to the petitioner.

The evidence is reported, and the judge at the request of the petitioner made a comprehensive report of the material

facts found by him. See G. L. (Ter. Ed.) c. 215, § 11. In these circumstances it is our duty under the familiar rule to examine the evidence and to decide the case according to our own judgment, giving due weight to the findings of the judge, which, for reasons that have been frequently stated in our decisions, will not be reversed unless plainly wrong. *Hiller* v. *Hiller, ante,* 163, 164, and cases cited.

The alleged errors complained of by the petitioner relate to numerous findings of fact of the judge, which the petitioner asserts are not warranted by the evidence. It is true that in some instances it cannot quite be said that particular findings of the judge were warranted by the evidence. But in those instances the findings are but cumulative and not decisive of the case. Even if, in so far as they are not in exact detail warranted by the evidence, they be eliminated from consideration, the mass of other decisive findings of the judge, which are fully supported by the evidence, leads us to agree with his conclusion that the instrument presented for probate was procured to be made by the undue influence of the petitioner.

*Decree affirmed.*